**Yeghise MARGARYAN, Petitioner,**

v.

**Michael MUKASEY,* Attorney General of the United States, Respondent.**

**No. 04–74605.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 21, 2007.

---

** The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Yeghise Margaryan, pro se.

Asbet A. Issakhanian, Esq. Law Offices of Asbet A. Issakhanian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Genevieve Holm, Esq., Greg D. Mack, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Yeghise Margaryan, a native of Iran and a citizen of Armenia, petitions for review of a summary order of the Board of Immigration Appeals upholding an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we grant the petition for review.

The IJ's adverse credibility determination is not supported by substantial evidence because the critical grounds for the IJ's determination could be amply explained by the petitioner's confusion and memory issues. At one point, the IJ stopped the proceeding because of the strange answers being offered by the petitioner and said to her counsel, "Well ... we may have a problem in this case. If the woman thinks that she had problems with an earthquake in 1880, which was 123 years ago, and she's not 123, I don't know if you need a psychological evaluation of this woman, sir. ... I don't know if she knows what happened to her in Armenia, sir." However, the IJ did not further inquire into petitioner's competence. Instead, he continued the hearing to "see what information we can get." The IJ subsequently issued an adverse credibility determination, based on factors such as

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discrepancies between petitioner's testimony and her application, her inability to remember dates and her inability to state coherently anything about her religion. In his decision, the IJ describes petitioner as "confused."

Asylum regulations recognize that the interests of an incompetent person involved in adversary proceedings should be represented by a party who possesses adequate discretion and mental capacity. *See* 8 CFR § 1240.4. Although "we disfavor retrospective determinations of incompetence," *Williams v. Woodford,* 384 F.3d 567, 608 (9th Cir.2004), "they are permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant." *Moran v. Godinez,* 57 F.3d 690, 696 (9th Cir.1995), *overruled on other grounds in Lockyer v. Andrade,* 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In determining whether such a hearing can be held, we evaluate such things as the passage of time and the availability of contemporaneous medical reports. *Id.*

In the present case, the hearing was held nearly four and a half years ago and the only contemporaneous medical report available is a one-page letter from a physician's assistant that indicates the petitioner was suffering from short-term memory loss. Because this evidence is insufficient to make an accurate retrospective evaluation of petitioner's competence, and because the record fails to provide substantial evidence to support an adverse credibility determination, the appropriate remedy is for the petitioner to receive a de novo hearing of her immigration matter. We remand so that petitioner can be examined and other relevant evidence regarding her present mental competency

received. Adequate findings with respect to the application of 8 C.F.R. § 1240.4 should be made.

Petition for review **GRANTED.** Case is **REMANDED** for further proceedings in light of this decision.